UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH J. JAMES,

                              Plaintiff,                      **REPORT AND**
    -against-                                            **RECOMMENDATION**

GREATER BIBLEWAY TEMPLE INC.,                CV-03-2366 (DLI) (SMG)
and HENRY ALLEN GIBBS,

                              **Defendants.**
------------------------------------------------------------X
------------------------------------------------------------X
LAVONDA M. JONES,

                              Plaintiff,

    -against-

GREATER BIBLEWAY TEMPLE, INC.,              CV-03-6437 (DLI) (SMG)
and HENRY ALLEN GIBBS,

                              **Defendants.**
------------------------------------------------------------X
GOLD, S., U.S.M.J.:

## Introduction

      These related actions arise out of an automobile accident which took place in Brooklyn, New York, on February 23, 2002 (the "accident"). Defendants Greater Bibleway Temple, Inc., and Henry Allen Gibbs now move for summary judgment in both cases on the grounds that plaintiffs James and Jones have each failed to present evidence of a "serious injury" as required by Section 5104(a) and defined in 5102(d) of New York's Insurance Law, commonly referred to as the "No-Fault" Law. See Licari v. Elliott, 57 N.Y.2d 230, 455 N.Y.S.2d 570 (1982). The Honorable Dora L. Irizarry has referred defendants' motions to me for report and recommendation. Because both actions arise from the same accident, and because defendants'

1

motions against each plaintiff raise the same issues, I address both in the same report and recommendation. For the reasons stated below, I respectfully recommend that defendants' motion be denied as to plaintiff James and granted as to plaintiff Jones.

## Discussion

A.  Standards Governing Summary Judgment

When deciding a motion for summary judgment, a Court must assess whether there are any genuine issues of material fact to be tried. Coach Leatherware Co., Inc. v. AnnTaylor Inc., 933 F.2d 162, 167 (2d Cir. 1991). A factual dispute is material if it "might affect the outcome of the suit under the governing law," and the dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). The Court resolves any ambiguities and draws all reasonable inferences in favor of the nonmoving party. See Coach Leatherware, 933 F.2d at 167. However, "mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment," who must instead "set forth specific facts . . . showing a genuine issue exists for trial." Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996).

B.  Establishing a "Serious Injury"

Under New York's No-Fault Law, a plaintiff bears the burden, as a threshold matter, of establishing that he or she suffered a serious injury within the meaning of the statute. Licari, 57 N.Y.2d at 240. A serious injury is defined to include a "permanent consequential limitation of use of a body organ or member" or a "significant limitation of use of a body function or system." N.Y. Ins. Law § 5102(d).

Plaintiff James claims that he suffered spinal injuries which meet these prongs of the

2

statutory definition as a result of the accident. See Affidavit in Opposition of Stuart K. Gechlik, submitted on behalf of plaintiff James ("Gechlik Aff."), ¶¶ 22-24. Although it is less clear which prongs of the "serious injury" definition Jones relies upon, I presume she seeks to invoke the same statutory prongs asserted by James. See Affirmation in Opposition of Brian Frankel, submitted on behalf of plaintiff Jones.[1]

In support of their motions, defendants have submitted reports prepared by Dr. Russell Miller. Dr. Miller examined each of the plaintiffs on defendants' behalf, and concluded that neither has sustained a permanent or significant injury within the meaning of the no-fault law. The question raised by the pending motions is whether plaintiffs have in response presented sufficient evidence of serious injury to raise a material question of fact for trial.

A plaintiff may establish a serious injury with "an expert's designation of a numeric percentage of a plaintiff's loss of range of motion." Toure v. Avis Rent-a-Car Systems, Inc., 98 N.Y.2d 345, 350, 746 N.Y.S.2d 865, 868 (2002). "An expert's *qualitative* assessment . . . also may suffice, provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body . . . function or system." Id. (emphasis in original). As the Court of Appeals went on to explain,

> [w]hen supported by objective evidence, an expert's qualitative assessment of the seriousness of a plaintiff's injuries can be tested during cross-examination, challenged by another expert and weighed by the trier of fact. By contrast, an expert's opinion unsupported by an objective basis may be wholly speculative, thereby frustrating the legislative intent of the No-Fault Law to eliminate statutorily-insignificant injuries or frivolous claims.

---

[1] The Gechlik Affidavit is docketed as Document 15 in 03-CV-6437. The Frankel Affirmation is docketed as Document 16 in 03-CV-6437.

Id., 98 N.Y.2d at 351, 746 N.Y.S.2d at 868. See also Pommels v. Perez, 4 N.Y.3d 566, 797 N.Y.S.2d 380 (2005) (doctor's opinion that plaintiff suffered severe and permanent injuries, supported by measurements of loss of range of motion and an MRI revealing herniated and bulging discs, held sufficient to defeat summary judgment); Clervoix v. Edwards, 10 A.D.3d 626, 781 N.Y.S.2d 690 (2d Dep't 2004) (treating chiropractor's affidavit specifying decreased range of motion, along with evidence of herniated and bulging discs confirmed by MRI, held sufficient to defeat summary judgment); cf. Licari, 57 N.Y.2d at 239 (holding that plaintiff who established that he suffered a painful sprain which limited the movement of his neck and back failed to establish a serious injury because he "offered no evidence as to the *extent* of the limitation of movement") (emphasis in original).

*1) Plaintiff Joseph J. James*

Measured against the standards announced in these cases, the medical evidence submitted by plaintiff James is sufficient to raise a question of fact for trial. James has submitted an affidavit stating that he received treatment at Alpha Medical immediately following the accident, and that he was referred for MRIs. James Aff., ¶¶ 5-7. The medical records and MRI reports from these visits have been submitted as exhibits to the Gechlik Affidavit. James' MRIs reveal "posterior bulging discs at C3-4 and C4-5, . . . a posterior herniated disc at C5-6, . . . [and] a concentric bulging disc at C6-7." Ex. F to Gechlik Aff. In addition, the MRIs reveal posterior bulging discs at L3-4, L4-5 and L5-S1. Ex. G to Gechlik Aff.

James has also submitted the affidavit of Dr. Koyen, a physician he visited on October 28, 2004, in opposition to defendants' motion. Dr. Koyen made certain findings after reviewing the Alpha Medical records and the MRI reports. As interpreted by Dr. Koyen, the medical

records from Alpha Medical revealed painful limitation in the range of motion of the cervical and lumbosacral spines. Id., ¶¶ 5, 6.

Dr. Koyen also conducted his own examination of James. During that examination, James complained, among other things, of neck and lumbosacral pains, numbness and weakness. Koyen Aff., ¶ 10, annexed to Gechlik Aff. as Ex. I. Dr. Koyen conducted "range of motion studies . . . by clinical hands on testing." Id., ¶¶ 11, 12. Based on these tests, Dr. Koyen found that James continued to suffer a diminution of range of motion of the lumboscaral and cervical spine more than two years after the accident. Depending upon the type of motion examined – flexion, extension, or rotation – Dr. Koyen's findings are that James has sustained a loss of range of motion from 5 to 20 degrees in his lumbosacral spine and from 10 to 20 degrees in his cervical spine. Id. Having reviewed James' medical records and conducted his own examination, Dr. Koyen concluded that James suffered "cervical spine sprain with disc herniation, [and] lumbosacral sprain with disc bulging [and] thoracic sprain" due to the car accident. Id. ¶ 13. He further concluded that James' injuries are of a permanent and significant nature. Id. ¶ 14, 15.

Dr. Koyen's findings are similar to those held sufficient to raise a question of fact for trial in Toure. 98 N.Y.2d 345, 352, 746 N.Y.S.2d 865, 870 ("Dr. Waltz's affirmation . . . sufficiently describes the 'qualitative nature' of plaintiff's limitations 'based on the normal function, purpose and use of the body part' . . . [and] is supported by objective medical evidence, including MRI and CT scan tests and reports"), Howard v. King, 307 A.D.2d 278, 762 N.Y.S.2d 423 (2d Dep't 2003) (20% loss of range of motion in neck sufficient to raise issue of fact) and Thompkins v. Santos, No. 98 Civ 463, 1999 WL 1043966, at * 6 (S.D.N.Y. Nov. 16, 1999) ("specifically-stated reductions [in mobility of cervical and lumbar spines] . . . raise an issue of fact sufficient to

5

defeat summary judgment").

Moreover, although James terminated his treatment at Alpha Medical after only a few months, and did not seek medical treatment again until more than two years after the accident, this gap in treatment is not evidence of an absence of serious injury. Rather, as Dr. Koyen states in his affidavit, James ended treatment when his No-Fault insurance benefits terminated. Koyen Aff., ¶ 9; see also James Dep. at 100, 101, annexed to Margro Aff.. as Ex. F. Thus, although "a plaintiff who terminates therapeutic measures following the accident, while claiming 'serious injury,' must offer some reasonable explanation for having done so," Pommels, 4 N.Y.3d at 574, 797 N.Y.S.2d at 385, exhaustion of coverage and financial hardship certainly qualifies as a reasonable explanation for a gap in treatment.

*2) Plaintiff Lavonda M. Jones*

In contrast to James, plaintiff Jones has failed to submit any competent evidence to support her claim of "serious injury" under Section 5102(d). Rather, Jones' opposition to defendants' motion consists solely of her attorney's affirmation and unsworn medical records. See Frankel Affirmation in Opposition. Inadmissible evidence of this type is insufficient to defeat summary judgment. See Grasso v. Angerami, 79 N.Y.2d 813, 580 N.Y.S.2d 178 (1991) (dismissing plaintiff's case where his only proof of serious injury was an unsworn letter from his doctor); Hernandez v. Taub, 19 A.D.2d 368, 796 N.Y.S.2d 169 (2d Dep't 2005) (describing "unaffirmed medical reports" submitted by plaintiff in opposition to summary judgment as "without probative value"); Scotto v. Moraldo, No. 01-CV-861, 2004 WL 1834360, * 4 (E.D.N.Y. Aug. 10, 2004) (same); Pagano v. Kingsbury, 182 A.D.2d 268, 587 N.Y.S.2d 692 (2d Dept. 1992) ("a plaintiff's opposition [to summary judgment], to the extent that it relies solely on

the findings of the plaintiff's own medical witnesses, must be in the form of affidavits or affirmations" and not unsworn reports). Thus, I respectfully recommend that defendants' motion for summary judgment with respect to plaintiff Jones be granted.

### Conclusion

For the reasons stated above, I respectfully recommend that defendants' motion for summary judgment be denied as to plaintiff James and granted as to plaintiff Jones. Any objections to the recommendations made in this report must be filed with the Clerk of the Court and the Chambers of the Honorable Dora L. Irizarry within ten days of receiving this Report and Recommendation, and in any event, no later than September 20, 2005. Failure to file timely objections may waive the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(2); Fed. R. Civ. P. 6(a), 6(e), 72; Small v. Secretary of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
September 6, 2005

U:\YK 2004-2005\James-Jones v. Greater Bibleway Temple.wpd